CHARLES L. AND DOROTHY B. VAUGHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vaughn v. Commissioner
Docket No. 12085-90
United States Tax Court
T.C. Memo 1991-440; 1991 Tax Ct. Memo LEXIS 489; 62 T.C.M. (CCH) 677; T.C.M. (RIA) 91440; September 9, 1991, Filed *489 An Order and Decision for the respondent will be entered. Stephen R. Klorfein, for the petitioners. Charles P. Hanfman, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Chief Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Chief Special Trial Judge: This case is before the Court on cross-motions filed by the parties for summary judgment. Respondent determined a deficiency in petitioners' Federal income tax for the year 1981 in the amount of $ 46,041.00. The issue for decision is whether the mitigation provisions of sections 1311 through 1314 lift the bar of the statute of limitations for assessment of the determined deficiency. At the time the petition was filed, petitioners resided in Marietta, Georgia. There are no disputes as to *490 the facts of this case. In 1972 and 1973, petitioners sold a partnership interest and other property and reported gain from these sales using the installment method. Respondent determined that the sales did not qualify for installment sale treatment and should have been reported as completed transactions in 1973. After receiving a notice of deficiency, petitioners filed their petition with this Court. In Vaughn v. Commissioner, 81 T.C. 893 (1983) (Vaughn I), and 87 T.C. 164 (1986), on reconsideration (Vaughn II), this Court ultimately held that petitioners were entitled to report gain from the sales on the installment method pursuant to section 453. Petitioners incurred net operating losses (NOLs) in 1976 and 1977, which petitioners carried forward to the year 1981. The amount of the carryover was affected by the manner in which the 1972 and 1973 sales were reported. At the time petitioners filed their 1981 return, respondent had issued the notice of deficiency which determined that the installment method could not be used to report the sales. Accordingly, petitioners calculated the net operating loss deduction for the year 1981 *491 without taking into account as income the installment sale payments received in prior years. Had petitioners taken these payments into account when calculating the net operating loss deduction for 1981, there would not have been a deduction because the NOLs would have been absorbed in prior years. When petitioner filed claims for refund on December 22, 1988, subsequent to the opinion in Vaughn II, for the years 1977, 1978, and 1979, petitioners took into account in their net operating loss deduction calculation the installment sale payments. This computation caused the NOLs to be fully absorbed during the years 1978-1979, leaving no net operating loss carryover to any subsequent year, including 1981. Respondent allowed petitioners' claims for refund for each of the years 1977, 1978, and 1979, on August 7, 1989. On March 13, 1990, respondent issued a notice of deficiency for 1981, and determined that the net operating loss deduction claimed was not allowable on the ground that there was no net operating loss carryover to 1981. Respondent determined that petitioners' 1976 and 1977 net operating losses had been fully absorbed in prior years. Petitioners concede that the NOLs *492 were deducted twice. Petitioners and respondent agree that the normal period of limitations for assessment had expired for the 1981 taxable year when the notice of deficiency was issued, but that the provisions for mitigating the effect of the statute of limitations under sections 1311 through 1314 are applicable except as discussed below. The parties also agree that pursuant to section 1314(b), respondent had one year from the date of a determination under section 1313 to issue a notice of deficiency for 1981. The parties disagree as to when there was a determination that commenced the one-year period provided under section 1314(b). Petitioners contend that the relevant determination was the Vaughn II decision in 1986, and respondent contends that it was the allowance of the claims for refund in 1989. Petitioners base their contention on the fact that they took an inconsistent position with respect to the tax treatment of the installment payments. In 1972 and 1973 petitioners reported the sales of the partnership interest and other property using the installment method. On their 1981 return, however, they treated the sales of the partnership interest and other property *493 as transactions completed in 1973 and calculated their net operating loss deduction without taking into account income from the installment payments. When this Court determined that petitioners could report the sale of the partnership interest and other property using the installment method, the net operating loss deduction they claimed on their 1981 tax return became incorrect because the NOLs were properly deductible on earlier returns. According to petitioners, this inconsistency made the mitigation provisions applicable at the time of Vaughn II. We disagree with petitioners' position. The inconsistent treatment of an item is not by itself sufficient to make the mitigation provisions applicable. Section 1311(a) authorizes an adjustment under the mitigation provisions only when there has been a determination that is "described in one or more of the paragraphs of section 1312." These circumstances of adjustment are: (1) The double inclusion of an item of gross income; (2) the double allowance of a deduction or credit; (3) the double exclusion of an item of gross income; (4) the double disallowance of a deduction or credit; (5) correlative deductions and inclusions for trusts *494 or estates and legatees, beneficiaries, or heirs; (6) correlative deductions and credits for certain related corporations; and (7) determinations of the basis of property after erroneous treatment of a prior transaction. Sec. 1312. Although petitioners were inconsistent in the treatment of the installment sale payments at the time of the decision in Vaughn II, there was no circumstance of adjustment as set forth above. Accordingly, Vaughn II was not the relevant determination under the mitigation provisions. Clearly, the determination resulting in a circumstance of adjustment was respondent's subsequent approval of petitioners' claims for refund, which involved the use of petitioners' NOLs. See section 1313(a)(3) which defines the term "determination" to include a final disposition by the Commissioner of a claim for refund. When petitioners claimed the NOLs properly for the years 1977-79, and improperly for the year 1981, there was a double allowance of a deduction caused by petitioners' inconsistent position. See sec. 1311(b)(1). As indicated above, the double allowance of a deduction constitutes a circumstance of adjustment under section 1312(2). The decision in *495 Vaughn II, supra, was only indirectly involved. Had petitioners properly used their NOLs by taking into account the installment sales, there would not have been a double deduction. It was claiming part of the same NOLs in different years that brought the mitigation provisions into play. See Bolten v. Commissioner, 95 T.C. 397, 414 (1990). The refunds were allowed on August 7, 1989, and respondent issued the notice of deficiency on March 13, 1990. Because the notice of deficiency was issued within one year of the determination pursuant to section 1314(b), the statute of limitations does not bar assessment of the deficiency for the year 1981. An Order and Decision for the respondent will be entered.